UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

H&G FRANCHISING, LLC.,

                Plaintiff,

-against-

CONNECTICUT BBQ, LLC and PAUL OSAKWE,

                Defendants.

Civil Action No.

**COMPLAINT**

---------------------------------------------------------------- x

Plaintiff H&G Franchising, LLC ("H&G"), by its undersigned attorneys, Brenner, Saltzman & Wallman LLP and Cowan, Liebowitz & Latman, P.C., for its Complaint against Defendants Connecticut BBQ, LLC and Paul Osakwe, alleges as follows:

## INTRODUCTION

1. This action arises out of Defendants' blatant and willful infringement of Plaintiff's registered Dallas BBQ Flame Design trademarks in connection with the Defendants' CT BBQ restaurant located in Bridgeport, Connecticut.

2. For many years, the Wetanson family, through its corporate entities, including Plaintiff, has used Dallas BBQ Logos incorporating flame designs to advertise and promote the highly successful and well known chain of Dallas BBQ restaurants located in New York City. Plaintiff owns, *inter alia*, federal trademark registrations for the Dallas BBQ Red Flame Design, U.S. Reg. No. 3,872,092:



("Dallas BBQ Red Flame Design Mark") and related registrations for BBQ and Design marks, U.S. Reg. No. 1,712,513 and BBQ & Design, U.S. Reg. No. 1,775,564 (collectively, the Dallas BBQ Designs are referred to as the "Dallas BBQ Flame Logo Marks"). A copy of these registrations are annexed here as exhibit 1.

3. Upon information and belief, Defendants opened their barbecue restaurant in June, 2015 displaying on the signage of the building and on menus an almost identical copy of the Dallas BBQ Flame logo marks (the "CT BBQ Flame Logo"):



4. Defendants' use of the near identical logo couple with store front advertisements stating that "CT BBQ's now open.  Bring NYC to BPT!" constitute a deliberate attempt to confuse consumers into believing that there is an association, affiliation or sponsorship between Plaintiff's Dallas BBQ chain of restaurants and Defendants' new barbecue restaurant.

5. Defendants have deliberately sought to pass off their restaurant services as Dallas BBQ services and to trade off the name and reputation of the Dallas BBQ restaurants operated or licensed by Plaintiff and its affiliated companies throughout New York City.

**PARTIES**

6. H&G is a Delaware limited liability company with an office located at 1265 Third Avenue, New York, NY 10021.

7. Defendant Connecticut BBQ LLC is a Connecticut limited liability company located at 1450 Barnum Avenue, Bridgeport, Connecticut 06610 and upon information and belief, is operating the CT BBQ restaurant that uses the CT BBQ Flame Logo to advertise and promote its restaurant services at the same Bridgeport, Connecticut address.

8. Upon information and belief, Defendant Paul Osakwe is a resident of Connecticut, is the principal owner and officer of Defendant Connecticut BBQ LLC, and has personally directed all of the acts alleged herein.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over the federal trademark claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events giving rise to the claims stated in the Complaint occurred in this District.

**FACTUAL BACKGROUND**

**Plaintiff's Dallas BBQ Restaurants**

11. The Wetanson family have for many years owned and operated several successful restaurant chains in New York through their various companies, including Plaintiff and several affiliated companies (the "affiliated companies"), including a group of restaurants operated under the name and mark Dallas BBQ ("Dallas BBQ Restaurants").

12. The first Dallas BBQ restaurant opened on West 72nd Street in Manhattan approximately 30 years ago as a single location rotisserie barbeque restaurant. Since that time, the Dallas BBQ Restaurants have grown into a highly successful, multi-million dollar restaurant chain with 10 locations in New York City, including 5 in Manhattan, 2 in Brooklyn, 2 in the Bronx and 1 in Queens.

13. Over the years, the Dallas BBQ Restaurants have established wide-spread recognition and developed a substantial following of loyal customers who have praised their generous portions, reasonable prices, distinctive ambience and unique drink offerings. In fact, the Dallas BBQ Restaurants serve more than 150,000 people a week and draw customers from the New York City metropolitan area, including Southern Connecticut, and beyond.

14. For approximately 30 years, the Dallas BBQ Restaurants have continually used a logo that features the prominent use of the letters "BBQ" with and without the word "Dallas" and with a flame design.

15. Beginning in 2009, the Dallas BBQ Restaurants updated its flame design as the Dallas BBQ Red Flame Design Mark, and branded all of its restaurants with the logo on signage, awnings, menus, promotional materials, advertisements and the website www.Dallasbbq.com.

16. The unique look of the Dallas BBQ Red Flame Design Mark, as described above, is recognized by Plaintiff's customers, who identify that look with the Dallas BBQ Restaurants.

17. H&G is the owner of the incontestable registrations U.S. Reg. No. 1,712,513 for BBQ & Design and Reg. No. 1,775,564 for BBQ and Design for "restaurant services." H&G is also the owner of the registration U.S. Reg. No. 3,872,092 for Dallas BBQ Red Flame Design Mark for "restaurant services."

18. These registrations are valid, subsisting, in full force and effect. H&G licenses rights in those marks to the other affiliated Dallas BBQ Companies, also controlled by the same family, which operate and manage the individual Dallas BBQ restaurants.

19. The Dallas BBQ Restaurants feature moderately priced food, including ribs, chicken, steak, and drinks. T-shirts, baseball hats, mugs and goblets bearing the Dallas BBQ logo are also sold at the Dallas BBQ Restaurants.

20. The Dallas BBQ Restaurant located in Times Square is one of the busiest restaurants in New York City and this location, along with some of the chain's other tourist destination spots, attracts customers from throughout the Northeast and other parts of the United States. Tour groups with tourists from the tri-state area and other parts of the world regularly include dining at one of the Dallas BBQ restaurants as part of their New York experience.

21. In the past 5 years, annual revenues for all of the Dallas BBQ's Restaurants combined have grown steadily to over $75 million per year.

22. Plaintiff and its affiliates have spent substantial time, money and effort in advertising and promoting its restaurant services identified by its Dallas BBQ Flame Logo Marks. In 2014, the Dallas BBQ restaurants spent approximately $500,000 on advertising and promotion in advertising and promotion.

23. Advertisements for the Dallas BBQ Restaurants and the Dallas BBQ Flame Design Marks are commonly seen on subways, bus stops and billboards throughout New York City, as well as in publications such as *Showbill, Playbill, AM New York, Group Tour Magazine, New York City Travel Guide, City Guide New York, New York Travel Guide*, *New York Pocket Guide,* and *El Diario La Presa*.

24. The Dallas BBQ Restaurants are also sponsors of area concerts, including recent sponsorships of performances by R&B star Chaka Khan, comedian Earthquake and Friends, and R&B singers Jill Scott, R. Kelly and Keith Sweat.

25. Plaintiff and its affiliates also maintain a website at www.DallasBBQ.com where they advertise their restaurant services and the Dallas BBQ Red Flame Design Mark.  The Dallas BBQ Restaurants are also listed on numerous travel and restaurant guide websites, including for example, YELP, OPENTABLE and TRIPADVISOR.

26. The Dallas BBQ Restaurants have received publicity and reviews in both local and national publications and online, including the *Daily News, New York Post, Crain's New York Business, Time Out New York, Essence Magazine* and *West Side Spirit*.

27. As a result of the extensive investment of time, effort and money by Plaintiff in developing, advertising and promoting the Dallas BBQ Flame Logo Marks, and the widespread and longstanding use of such marks in connection with restaurant services, the Dallas BBQ Flame Logo Marks function as unique identifiers in the public mind for Plaintiff and its affiliates and the services they offer.  The Dallas BBQ Flame Logo Marks possess enormous goodwill of incalculable value to Plaintiff.

### Defendants' Infringement of Plaintiff's Trademarks

28. Upon information and belief, Defendant Connecticut BBQ was established in or about June, 2015 by Defendant Paul Osakwe and began offering barbecue restaurants services under the name CT BBQ that are identical to the restaurant services offered by Plaintiff and its affiliated companies under the Dallas BBQ Flame Logo Marks.

29. Defendants' CT BBQ Flame Logo is prominently displayed on an awning sign above the entrance of the restaurant and on large signage on the front of the premises at 1450

Barnum Avenue, Bridgeport, Connecticut. Photographs of Defendants' signage using their CT BBQ Flame Logo are annexed hereto as Exhibit 2.

30. Defendants also display their CT BBQ Flame Logo on paper menus distributed to customers in the restaurant. The food and beverage items offered by Defendants are very similar to the food and beverage items offered by Plaintiff and its affiliates in their Dallas BBQ restaurants. A copy of Defendants' menu of food and beverage items displaying its CT BBQ Flame Logo and Plaintiff's menu of food and beverage items displaying its Dallas BBQ Flame Logo mark are annexed hereto as Exhibits 3 and 4, respectively.

31. Defendants' CT BBQ Flame Logo is a near replica of Plaintiff's Dallas BBQ Red Flame Design Mark with use of the same red flame background and stylization of white lettering for BBQ sitting atop a horizontal black bar highlighting menu items "Ribs," chicken "Wings" and "Steaks."

32. By letter dated May 14, 2015, from Plaintiff's counsel to Defendants, Plaintiff demanded that Defendants immediately cease and desist their unlawful activities including their use of the infringing CT BBQ Flame Logo. Despite this notice and demand, Defendants have failed and refused to discontinue their use of the infringing CT BBQ Flame Logo and other unlawful activity.

33. Defendants' use of the CT BBQ Flame Logo is likely to cause, and has caused, confusion, mistake and/or deception as to the source of origin of Defendants' restaurant services in that the public, the trade and others are likely to believe that Defendants' services are Plaintiff's services; and/or that the parties' services are provided by, sponsored by, approved by and/or licensed by the same source; and/or provided by sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Plaintiff's Dallas BBQ restaurants.

34. In addition, Defendants' continued provision of unauthorized barbecue restaurant services is depriving Plaintiff and its affiliated companies of the ability to control the use of its valuable intellectual property. Plaintiff's reputation for high quality food and beverages may be tarnished by the public's association of the brand with the Defendants' services over which Plaintiff has no control.

35. Unless restrained by this Court, Defendants will continue to willfully and intentionally provide restaurant services which infringe Plaintiff's registered trademarks causing irreparable harm to Plaintiff. Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement Against Both Defendants)**

36. Plaintiff repeats the allegations set forth in paragraphs 1-35 above with the same force and effect as if set forth fully herein.

37. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1114(1), and is for infringement of registered trademarks.

38. Defendants' use of their CT BBQ Flame Logo is intended to capitalize on the goodwill and reputation of Plaintiff's registered Dallas BBQ Flame Logo Marks.

39. The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's Dallas BBQ Flame Logo Marks in total disregard of Plaintiff's rights and were commenced and have continued in spite of Defendants' knowledge that the unauthorized use of Plaintiff's marks, or a copy or colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

40. Defendants' use of their CT BBQ Flame Logo is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does create the

impression that Defendants' restaurant services emanate from, are approved or sponsored by, or are in some way associated or connected with Plaintiff when in fact they are not.

41. Plaintiff has no adequate remedy at law and is suffering immediate and irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition Against Both Defendants)

42. Plaintiff repeats the allegations set forth in paragraphs 1-35 above with the same force and effect as if set forth fully herein.

43. This claim arises under Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a) and alleges the use in commerce of false designations of origins and false descriptions and representations.

44. Defendants have affixed, applied, or used in connection with their restaurant services, false designations of origin and false descriptions and representations, or other symbols which tend falsely to describe or represent that such services are Plaintiff's services or are approved or sponsored by Plaintiff, and/or that Defendants are affiliated, sponsored, owned or controlled by Plaintiff, and have caused such services to enter into commerce with full knowledge of the falsity of such misleading designations of origin and such descriptions and representations, all to the detriment of Plaintiff.

45. Upon information and belief, Defendants have offered for sale and sold restaurant services using copies, or colorable imitations, of the Dallas BBQ Flame Logo Marks with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Plaintiff and to improperly appropriate the valuable trademark and trade dress rights of Plaintiff.

46.     Plaintiff has no adequate remedy at law and is suffering immediate and irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined.

### THIRD CLAIM FOR RELIEF
#### (Unfair Competition—Connecticut Common Law Against Both Defendants)

47.     Plaintiff repeats the allegations set forth in paragraphs 1-35 above with the same force and effect as if set forth fully herein.

48.     This claim arises under the common law of this State of Connecticut relating to trademark infringement and unfair competition.

49.     The purchasing public is likely to attribute to Plaintiff the use by Defendants of the Dallas BBQ Flame Design Marks or a copy or colorable imitation thereof, as a source of origin, authorization and/or sponsorship for Defendants' restaurant services and therefore to patronize Defendants' CT BBQ Bridgeport restaurant in that erroneous belief.

50.     Defendants have intentionally appropriated the Dallas BBQ Flame Design Marks with the intent of causing confusion, mistake, and deception as to the source of their restaurant services with the intent to palm off such services as those of Plaintiff, and, as such, Defendants have committed trademark infringement and unfair competition under the common law of Connecticut.

51.     Plaintiff has no adequate remedy at law and is suffering immediate and irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined.

### FOURTH CLAIM FOR RELIEF
#### (Violation of the Connecticut Unfair Trade Practices Act)

52.     Plaintiff repeats the allegations set forth in paragraphs 1-35 above with the same force and effect as if set forth fully herein.

53. By reason of the foregoing acts, Defendants have engaged in unfair or deceptive business practices in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b, by their unauthorized offer for sale, sale, and advertising of Defendants' restaurant services using copies, or colorable imitations, of the Dallas BBQ Flame Logo Marks with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Plaintiff and to improperly appropriate the valuable trademark and trade dress rights of Plaintiff.

54. Plaintiff has no adequate remedy at law and is suffering immediate and irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. That a permanent injunction be entered against Defendants, and their agents, servants, representatives, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, permanently enjoining them from (a) using any marks, stylizations, fonts, designs or logos confusingly similar to the Plaintiff's Dallas BBQ Flame Design Marks, or (b) committing any other acts which falsely represent or which have the effect of falsely representing that Defendants and their goods or services are associated with, authorized, endorsed or sponsored by Plaintiff;

B. That Defendants be ordered to destroy all infringing and unlawfully marked labels, signs, prints, packages, wrappers, receptacles and advertisements or other materials bearing the registered mark pursuant to 15 U.S.C. § 1118;

C. That Defendants be directed to file with the Court and serve upon Plaintiff, within 30 days after entry of final judgment, a report in writing and under oath setting

forth in detail the manner and form in which they have complied with the provisions set forth in Paragraphs A and B above pursuant to 15 U.S.C. §1116(a);

   D.  That Defendants be directed to account to Plaintiff for all gains, profits and advantages derived from their wrongful acts, together with interest therein;

   E.  That Plaintiff be awarded compensatory damages in an amount to be determined at trial including damages for injury to Plaintiff's business reputation and goodwill and all other damages arising out of Defendants' acts of infringement, false designation of origin, and unfair competition, under 15 U.S.C. § 1117 and CUTPA, Conn. Gen. Stat. § 42-110g(a);

   F.  That Plaintiff be awarded punitive damages under CUTPA, Conn. Gen. Stat. § 42-110g(a);

   G.  That Defendants pay to Plaintiff all costs and expenses incurred in this action, including reasonable attorneys' fees; under CUTPA, Conn. Gen. Stat. § 42-110g(d);

   H.  Granting Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  August 6, 2015

                          H & G FRANCHISING, L.L.C.

                          By:   */s/Sean M. Fisher*
                          Sean M. Fisher (ct23087)
                          BRENNER, SALTZMAN & WALLMAN LLP
                          271 Whitney Avenue
                          New Haven, CT 06511
                          Tel.: (203) 772-2600
                          Fax: (203) 562-2098
                          Email: sfisher@bswlaw.com

                          J. Christopher Jensen
                          COWAN, LIEBOWITZ & LATMAN, P.C.
                          1133 Avenue of the Americas
                          New York, New York 10036-6799
                          Tel.: (212) 790-9200
                          Fax: (212) 575-0671
                          Email: jcj@cll.com

                          *Attorneys for Plaintiff*